Harold E. BETTIS, Plaintiff,

v.

Louis SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.

No. 88–0318–CV–W–9.

United States District Court, W.D. Missouri, W.D.

April 24, 1989.

Jane E. Worley, Legal Aid of Western Missouri, Kansas City, Mo., for plaintiff.

Judith M. Strong, Robert B. Schneider, Asst. U.S. Attys., and Paul P. Cacioppo, Chief Counsel, Region VII, Dept. of Health and Human Services, Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO REMAND

BARTLETT, District Judge.

On November 21, 1986, plaintiff Harold E. Bettis filed a claim for Social Security disability benefits. Plaintiff alleged a disability based on a heart condition and high blood pressure with an onset date of May 6, 1984. Plaintiff also filed an application for Supplemental Security Income benefits on November 20, 1986.

An Administrative Law Judge (ALJ) found that plaintiff had been under a disability as defined in the Act since June 12, 1986, but was not under a disability prior to that time. On February 19, 1988, the Appeals Council rendered its decision finding no basis for review. Thus, the decision of the ALJ stands as the final decision of the Secretary.

On August 12, 1988, plaintiff filed a motion for summary judgment or, in the alternative, for judgment on the pleadings or, in the alternative, for remand. On October 20, 1988, defendant filed a motion to remand to which plaintiff filed opposition on November 1, 1988.

Defendant cites several defects in the ALJ's opinion giving rise to its motion to remand which are: 1) the ALJ found that plaintiff's alcohol abuse constituted a disability as of June 12, 1986, but was not "sufficiently specific concerning which, if any, impairments plaintiff suffered prior to June 12, 1986. Although he found that plaintiff had coronary artery disease, hypertension and a substance addiction disorder, the ALJ did not indicate the time period to which these findings applied." 2) The ALJ's credibility finding lacks specificity. Unfortunately, the ALJ did not "articulate which of these complaints he apparently did accept as credible, nor to what extent." 3) If, after making these specific determinations, "the ALJ finds that plaintiff's impairments or credible subjective complaints establish a non-exertional impairment which significantly affected his ability to perform a full range of work at the designated residual functional capacity, then the ALJ must obtain and consider vocational expert testimony." 4) "Further the development of the record regarding plaintiff's alcoholism and heart trouble is in order."

Plaintiff opposes the Secretary's motion to remand because he asserts that even if the Secretary corrects the errors he acknowledges, other errors discussed in his

motion will remain. Therefore, plaintiff argues that remand will only delay the award of benefits.

I agree with plaintiff that on remand the Secretary should specifically consider and rule upon the other alleged errors raised in plaintiff's motion for summary judgment. For instance, plaintiff suggests that: 1) "The Secretary's policy of excluding all other medical evidence when the results of a treadmill stress test are in the file is in violation of the Social Security Act and is arbitrary and capricious." 2) "The Secretary's decision regarding plaintiff's cardiac impairment, based on the results of one treadmill test, was not based on substantial evidence in the record as a whole." Other allegations of error raised by plaintiff should be considered by the Secretary. See, for instance, page five of Memorandum in Opposition to Defendant's Motion to Remand (Doc.16).

Because both parties have raised matters that can and should be resolved by the Secretary in accordance with the law of this Circuit, this case will be remanded for a supplemental hearing and for the Secretary's disability determination.

Accordingly, it is hereby ORDERED that:

1) defendant's motion to remand is granted;

2) the Secretary is directed to hold promptly a supplemental hearing and to make a new disability determination consistent with the law of this Circuit; and

3) if, on remand, the Secretary again finds that plaintiff does not suffer from a cardiac disability from his alleged date of onset and the Secretary reaches this decision by excluding all medical evidence other than results of a treadmill stress test, the Secretary is directed to state what his conclusions would be if he considered evidence regarding plaintiff's cardiac impairment in addition to the treadmill test—for instance, the cardiac catheterization report of October 3, 1984.